UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY WHITE, JR.,<br>        Petitioner,<br>    v.<br>JOHN DOE,<br>        Respondent. | Case No. 20-05946 WHO (PR)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

### INTRODUCTION

Petitioner Barry White seeks relief under 28 U.S.C. § 2254 from his state convictions. The petition cannot proceed as currently articulated because it appears to be unexhausted and the claims are not sufficient. Accordingly, the petition is DISMISSED with leave to file an amended petition on or before **June 1, 2021**. Failure to file an amended petition that complies with the instructions in this Order may result in the dismissal of the suit and entry of judgment in favor of respondent.

### BACKGROUND

From the petition, it appears that White was convicted in the San Francisco Superior Court of two charges of murder and was sentenced to two terms of life without the possibility of parole. (Dkt. No. 11 ("Petition") at 1-2.) He does not state the date of

conviction or sentence. White states that he has not exhausted his claims. (Pet. at 2-3.)

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

## DISCUSSION

There are two fundamental reasons why I dismiss this petition with leave to amend. First, White states that he has not exhausted his claims. (Pet. at 2-3.) Prisoners in state custody who wish to challenge either the fact or length of their confinement collaterally in federal habeas proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). If White proceeds with unexhausted claims, respondent will likely file a motion to dismiss on grounds of nonexhaustion. If White wishes to stay the case while he exhausts his claims, he should file a motion to stay proceedings.

Second, White's claims for relief are insufficient. He claims that (i) counsel rendered ineffective assistance ("The lawyers assigned did not let me know almost anything [and] keept [sic] me from closing arguments and lied to me."); and (ii) "the public defender had a false belife [sic] [and] he should be given jury instructions but was not given them." (Pet. at 5.) He must provide more facts if such claims are to proceed. He must state specifically what actions his lawyers took and how that adversely affected

his defense.  For example, if his attorneys lied to him, White should state what lies were told and how they affected his case.  Rather than posing general allegations, a federal habeas petition "is expected to state facts that point to a real possibility of constitutional error."  *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (internal quotation marks and citation omitted).  Conclusory allegations are not sufficient.

White's application to proceed in forma pauperis is GRANTED.  (Dkt. No. 12.)

## CONCLUSION

The petition is DISMISSED with leave to file an amended petition on or before **June 1, 2021**.  White may wish to file a motion for a stay along with the amended petition.

The amended petition must include the caption and civil case number used in this order (20-05946 WHO (PR)) and the words FIRST AMENDED PETITION on the first page.  Because an amended petition completely replaces the previous petitions, White must include in his amended petition all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the prior petition by reference.  Failure to file an amended petition in accordance with this order will result in dismissal of this action without further notice to him.

It is White's responsibility to prosecute this case.  He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address."  He must comply with the court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:**  April 15, 2021

WILLIAM H. ORRICK
United States District Judge