UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BARRY WHITE,

        Petitioner,

   v.

GISELLE MATTESON,

        Respondent.

Case No. 20-cv-05946-WHO (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Barry White, Jr. seeks federal habeas relief from his state convictions for murder, attempted murder, and assault. The second amended petition for habeas relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The second amended petition states cognizable claims. Accordingly, on or before **February 13, 2023**, respondent shall file an answer or a dispositive motion in response to the operative habeas petition.

## BACKGROUND

According to the state appellate opinion, in 2017 a San Francisco County Superior Court jury found White guilty of two counts of first degree murder, seven counts of attempted premeditated murder, and six counts of assault with a firearm on a peace officer. (*People v. White*, No. A153329, 2020 WL 605948, at *1 (Cal. Ct. App. Feb. 7, 2020).) In 2018, the trial court sentenced White to two consecutive terms of life in prison without the possibility of parole, one consecutive term of life with the possibility of parole, 140 years to life consecutive, another 123 years consecutive, and a further three years. *Id.* at *7.

1   White's attempts to overturn his convictions in state court were unsuccessful.  This federal
2   habeas petition followed.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, White alleges that (1) defense counsel rendered ineffective assistance; (2) "all darker skin[n]ed people were not allowed on the jury" thereby violating his jury trial rights; (3) his right to speedy trial was violated; (4) his equal protection rights "as a youthful offender" were violated because he was under the age of 25 at the time of the crimes; (5) the trial court denied him appropriate jury instructions; (6) some witnesses lied or were unreliable; and (7) the restitution fine imposed was unlawful.[1]  When liberally construed, Claims 1-5 are cognizable and shall proceed.

Claim 6 regarding the witnesses is DISMISSED.  This is not sufficient to state a claim for relief.  White does not attach these facts to any particular constitutional violation, such as insufficiency of the evidence.  Furthermore, his allegations are a challenge to the jury's credibility finding in favor of the state.  A jury's credibility determination is entitled to near-total deference.  *Jackson v. Virginia*, 443 U.S. 307, 326 (1979).  If confronted by a record that supports conflicting inferences, a federal habeas court "must presume—even if

---

[1] White also alleges some witnesses were not reliable and may have lied.  (Second. Am. Pet., Dkt. No.

1  it does not affirmatively appear in the record—that the trier of fact resolved any such
2  conflicts in favor of the prosecution, and must defer to that resolution." *Id.*

3        Claim 7 regarding restitution is DISMISSED.  It does not state a cognizable federal
4  habeas claim because success on this claim would not result in a voiding of the verdict or a
5  reduced sentence.  Furthermore, a monetary fine is not a sufficiently significant restraint
6  on liberty to satisfy the habeas requirement that a person must be "in custody" at the time
7  the habeas petition is filed.  *See Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987).  Even
8  though petitioner also challenges his custody, that does not suffice to confer jurisdiction on
9  this Court to review his restitution claim by way of a federal habeas petition.  *See United
10 States v. Thiele*, 314 F.3d 399, 401-02 (9th Cir. 2002) (holding petitioner could not
11 collaterally attack restitution order under § 2255, even where joined with cognizable
12 claims for release from custody).

## CONCLUSION

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses:  SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov.  The operative petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The Clerk shall serve by mail a copy of this order on petitioner.

2. On or before **February 13, 2023**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **February 13, 2023**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. White's *in forma pauperis* application was granted in a prior order.  (Dkt. No. 13 at 3.)

**IT IS SO ORDERED.**

**Dated:** November 29, 2022



WILLIAM H. ORRICK
United States District Judge

4