UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY WHITE,<br>    Petitioner,<br>  v.<br>GISELLE MATTESON,<br>    Respondent. | Case No. 20-cv-05946-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 24 |

## INTRODUCTION

Petitioner Barry White seeks federal habeas relief from his state convictions. His claims for habeas relief are untimely and unexhausted, as urged by respondent in his motion to dismiss. White's initial petition was timely, but it failed to state cognizable claims. His second amended petition, which is the operative petition, was not timely filed. Furthermore, because there were no cognizable claims in the timely petition, the claims raised in the operative petition cannot relate back to any timely claim. Also, the claims in the operative petition are unexhausted, and allowing White to exhaust claims that are untimely would be futile. Accordingly, the motion to dismiss is GRANTED, and the petition is DISMISSED.

## BACKGROUND

In 2017, a San Francisco County Superior Court jury found White guilty of two counts of first degree murder, seven counts of attempted premeditated murder, and six counts of assault with a firearm on a peace officer. (Respondent's Motion to Dismiss (MTD), State Appellate Opinion, Dkt. No. 24-1 at 39; *People v. White*, No. A153329, 2020 WL 605948, at *1 (Cal. Ct. App. Feb. 7, 2020).) A sentence of two consecutive

1   terms of life in prison without the possibility of parole, one consecutive term of life with
2   the possibility of parole, 140 years to life consecutive, another 123 years consecutive, and
3   a further three years was imposed.  (MTD, Dkt. No. 24-1 at 51.)  White appealed.
4          The state appellate court affirmed the superior court judgment on February 7, 2020.
5   (*Id.* at 39.)  The state supreme court denied White's petition for review on May 13, 2020.
6   (*Id.*, State Supreme Court Order, Dkt. No. 24-2 at 2.)  One hundred and fifty days later
7   (October 10, 2020), the deadline for White to file a petition for writ of certiorari in the
8   United States Supreme Court expired.[1]  The next day, October 11, 2020, the 1-year
9   AEDPA limitations period started running, which means that White had until October 12,
10  2021 to file a timely federal habeas petition.  White did not file any state habeas petitions,
11  which means that he is not entitled to any statutory tolling.
12         White filed his initial federal habeas petition on October 31, 2020.[2]  (Dkt. No. 11.)
13  I dismissed the petition with leave to amend because White admitted that he had not
14  exhausted his claims and he had not alleged sufficient facts to state a claim for relief.
15  (Order Dismissing Petition, Dkt. No. 13 at 2.)  I told him that he could file a motion to stay
16  the petition if he wanted to exhaust his claims.  (*Id.*)  White did not file an amended
17  petition or any response to the Order, so the federal habeas action was dismissed.  (Order
18  of Dismissal, Dkt. No. 14.)  He then filed a motion to reopen, which I granted, and later, a
19  first amended petition.  (Dkt. No. 16, 18, 19.)  I dismissed the first amended petition with
20  leave to amend because it was not a proper petition, but rather "a single page of lined paper
21  that discusses jury instructions and the assistance of counsel."  (Dkt. No. 20 at 1.)  I
22  directed that he file a petition on the Court's form and provide "all the crucial information

---

[1] On March 19, 2020, the usual 90-day period was temporarily extended by the United States Supreme Court to 150 days.  This modification of the filing deadline rule ended on July 19, 2021.  https://www.supremecourt.gov/filingandrules/rules_guidance.aspx

[2] White is entitled to this filing date, rather than the November 5, 2020 date listed in the docket.  The Court assumes that he put the petition in the prison mail the day he signed it ("Halloween 2020") and will use that as the filing date under the prisoner mailbox rule.  *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

1   the form requires, such as the date, place, and other circumstances of his conviction, his
2   appeal history, etc." (*Id.*) Then he filed a second amended petition, to which I issued an
3   Order to Show Cause to respondent. (Dkt. Nos. 21, 22.)
4         In response to the OSC, respondent filed a motion to dismiss, which is the subject
5   of this Order. (MTD, Dkt. No. 24.) White filed an opposition and respondent filed a
6   reply. (Dkt. Nos. 25 and 26.)

**DISCUSSION**

Respondent moves to dismiss the petition as untimely and unexhausted.

**i.    Motion to Dismiss Petition as Untimely**

    **a.    AEDPA's Statute of Limitations**

Under AEDPA, federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d). This one-year clock starts after direct review is final, that is, when the time to seek a writ of certiorari from the United States Supreme Court expires. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

    **b.    Timeliness of the Petition**[3]

---

[3] White does not dispute that the second amended petition was untimely. He initiated this action after filing a letter on August 24, 2020, which was 48 days before the 1-year AEDPA clock started ticking on October 11, 2020. (Dkt. No. 1, Aug. 24, 2020.) Because a habeas action cannot proceed on a letter alone, the Clerk sent him a notice to file a petition or face dismissal of his suit. (Dkt. No. 2, Aug. 24, 2020.) When he did not file a petition by the deadline, the action became subject to dismissal, and the case was reassigned to me for that purpose. (Dkt. No. 8, Oct. 2, 2020.) In an abundance of caution, I extended the filing deadline and directed the Clerk to send a new notice. (Dkt. No. 9, Oct. 9, 2020.) A month after the notice was sent, White filed his first (timely) petition. (Dkt. No. 11, Oct. 31, 2020.) I dismissed it with instructions that White file an amended petition or face dismissal of his habeas action. (Dkt. No. 13, Apr. 15, 2021.) He had

Respondent concedes that the original petition, Dkt. No. 11, was timely filed. (MTD, Dkt. No. 24 at 3.) It was filed on October 31, 2020, which is before the October 12, 2021 filing deadline. However, respondent contends the operative (and second amended) petition is untimely, having been filed on June 27, 2022, which is after the filing deadline passed.[4] The claims in the operative petition can survive only if they relate back to the claims filed in the timely petition.

"An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005) (new coerced confession claim did not relate back to the original petition that raised only a factually distinct Confrontation Clause claim). A claim relates back to the date of the original pleading only if the original and amended pleadings "'ar[i]se out of the conduct, transaction, or occurrence.'" *Id.* at 655 (quoting Fed. R. Civ. P. 15(c)(2)). Only if the original and amended petition state claims that are tied to a common core of operative facts will the new claim in an amended petition relate back to the filing date of the original petition. *See id.* at 664-65. *Mayle* explicitly rejected the proposition that the "same 'conduct, transaction, or occurrence' [means the] same 'trial, conviction, or sentence.'" *Id.* at 664.

---

nearly two months in which to file one but failed to do so. (Dkt. No. 14, June 14, 2021.) I dismissed the habeas action. (*Id.*, June 14, 2021.) The dismissal order provided instructions on how to reopen, which included a requirement that he file an amended petition along with his motion to reopen. (*Id.* at 1.) He did not do so; he filed only a motion to reopen. (Dkt. No. 16, July 9, 2021.) If he had filed a petition at any time prior to October 12, 2021, when the 1-year AEDPA limitations period expired, his petition would have been timely. I reopened the action on February 1, 2022, and told him again that he had to file an amended petition. (Dkt. No. 18, Feb. 1, 2022.) After he did so, respondent raised lack of timeliness as an affirmative defense.

[4] White is not entitled to any statutory tolling. For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). Because he filed no state petitions for collateral relief, White is not entitled to statutory tolling.

In the timely petition, White raised ineffective assistance of counsel claims. He claimed, "The lawyers assigned did not let me know almost anything [and] keept [*sic*] me from closing arguments and lied to me" and the public defender failed to obtain an unspecified jury instruction." (Pet., Dkt. No. 11 at 5.) I dismissed these claims as not cognizable and gave the following instructions: "He must provide more facts if such claims are to proceed. He must state specifically what actions his lawyers took and how that adversely affected his defense. For example, if his attorneys lied to him, White should state what lies were told and how they affected his case. Rather than posing general allegations, a federal habeas petition 'is expected to state facts that point to a real possibility of constitutional error.' *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (internal quotation marks and citation omitted). Conclusory allegations are not sufficient." (Order Dismissing Petition, Dkt. No. 13 at 2-3.)

Respondent correctly contends that because none of the claims in the timely petition were cognizable, there can be no timely claims for the claims in the operative petition to relate back to.[5] The petition will be dismissed.

White's contentions in his opposition lack merit. He asserts that "[i]f [the] evidence were viewed as a whole no reasonable fact finder would have found the applicant guilty of the underlying offense." (Opp., Dkt. No. 25 at 2.) The underlying merits of a petition are irrelevant to whether a federal petition is timely. *Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) ("The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction."); *Huapaya v. Martinez*, No. 14-cv-05305-HSG (PR), 2016 WL 403397, at *5 (N.D. Cal. Feb. 3,

---

[5] The timely petition raised only ineffective assistance of counsel claims. Even if the claims in the timely petition were cognizable, three of the four claims in the operative petition would not relate back to them. A claim regarding the racial composition of the jury (Claim 2), a claim regarding speedy trial rights (Claim 3), and a claim regarding White's rights as youthful offender (Claim 4), are not tied to the core of operative facts common to the claims of ineffective assistance of counsel.

2016); *Whaley v. Grounds*, No. CV 11-6771 FMO (JC), 2013 WL 1304906, at *8 (C.D. Cal. Feb. 28, 2013).

White also contends that untimeliness should be excused because he had COVID and he was laboring under noisy, crowded and unclean conditions of confinement. (Opp., Dkt. No. 25 at 2.) A federal habeas petitioner is entitled to equitable tolling of the statute of limitations if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). Equitable tolling is not granted as a matter of course. In fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* (citation omitted).

These contentions are insufficient to trigger equitable tolling. Because White gives no dates or other details regarding his sickness, it cannot be determined how debilitating his illness was or for how long it would have prevented him from filing a timely petition. Also, the allegations regarding crowded and noisy prison conditions do not present extraordinary circumstances.

Respondent's motion to dismiss the petition as untimely is GRANTED. The petition is DISMISSED.

**ii.     Motion to Dismiss Petition as Unexhausted**

Respondent contends the petition also should be dismissed as unexhausted. (MTD, Dkt. No. 24 at 6.) Prisoners in state custody who wish to challenge either the fact or length of their confinement collaterally in federal habeas proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). A federal district court may not grant the

writ unless state court remedies are exhausted or there is either "an absence of available state corrective process" or such process has been "rendered ineffective." 28 U.S.C. § 2254(b)(1)(A)-(B). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Lundy*, 455 U.S. at 510.

None of the claims in the operative petition have been presented to the state supreme court. In the operative petition, White claims (1) defense counsel rendered ineffective assistance by refusing to allow White to speak at closing arguments or participate at trial, and for failing to convince the trial court to allow certain jury instructions; (2) "all darker skin[n]ed people were not allowed on the jury" thereby violating his jury trial rights; (3) his right to speedy trial was violated; and (4) his equal protection rights "as a youthful offender" were violated because he was under the age of 25 at the time of the crimes.[6] (OSC, Dkt. No. 22 at 2.) In his petition for review to the state supreme court, White presented the following claims: (1) "Review should be granted to clarify a trial court's duty to instruct on unconsciousness as a defense"; (2) "Review should be granted to clarify the applicability of *People v. Ervine* in evaluating proof of attempted murder"; (3) "Review is necessary to determine whether appellant was denied due process and an impartial jury trial by the court's refusal to inquire about potential bias of a juror who believed defense counsel was 'sexist'"; and (4) "Review should be granted to determine whether the lower courts satisfied all procedural requirements under *Pitchess*." (MTD, White's Petition for Review, Dkt. No. 24-1 at 3.)

White's grounds against dismissal are not persuasive. He contends that he "brought his claims to the California Supreme Court over and over again and was ignored." (Opp., Dkt. No. 25 at 1.) This is at odds with his admission in his federal petition that he did not file any petitions, applications or motions with respect to this conviction in any court, other

---

[6] I initially ruled that the jury instruction claim was separate from the ineffective assistance claim. (OSC, Dkt. No. 22 at 2.) I now agree with respondent that the jury instruction claim falls under the ineffective assistance of counsel claim. (MTD, Dkt. No. 24 at 5 n.1, 7.)

7

than his direct appeals.  (Pet., Dkt. No. 11 at 3; Second Am. Pet., Dkt. No. 21 at 3.)  Also, respondent asserts that he found no record of any petition filed by White in the state supreme court, other than the state petition for direct review.  (Reply, Dkt. No. 26 at 2.)  And White's contention that respondent waived the exhaustion requirement is entirely unsupported.  (Opp., Dkt. No. 26 at 3.)

Because the claims in the operative petition are untimely, it would be futile to allow White to exhaust his claims.  The petition is DISMISSED on the additional ground that the claims are unexhausted.

## CONCLUSION

Respondent's motion to dismiss the petition as untimely and unexhausted is GRANTED.  (Dkt. No. 24.)  The petition is DISMISSED.

A certificate of appealability will not issue.  White has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** May 4, 2023



WILLIAM H. ORRICK
United States District Judge